**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Chris Obih UBAH, aka; Christian Obih, Steve Ngo Peters,**
Defendant—Appellant.

No. 02–10216.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2003.

Decided Aug. 28, 2003.

Camil A. Skipper, Michael J. Malecek, Aty., Sacramento, CA, for Plaintiff–Appellee.

John P. Balazs, Esq., Sacramento, CA, for Defendant–Appellant.

Before: REINHARDT and GRABER, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM **

Chris Obih Ubah ("Ubah") appeals his jury trial conviction for mail fraud in violation of 18 U.S.C. § 1341 and credit card fraud in violation of 18 U.S.C. § 1029(a)(2). We affirm the convictions, but we refrain from deciding Ubah's ineffective assistance of counsel claim.

### Variance Claim

■ Ubah claims that his mail fraud conviction should be overturned because the government's evidence and closing argument constituted a fatal variance from what was alleged in the superseding indictment. Ubah was charged with using the mails in connection with a scheme to defraud CalTrans of $250,000. He urges that his defense rested largely on evidence and arguments that he was not the "James McKenney" who appeared several times at the Portland bank branch to implement that fraud and, relatedly, that someone else committed the CalTrans fraud (for example, Ubah vigorously challenged the testimony of the U.S. Bank tellers who identified him). Ubah claims that a variance occurred because the government asserted a position that made it irrelevant whether Ubah engaged in the Portland banking transaction himself, thus undercutting his principal defense of misidentification.

Appellate courts can find a variance when, as *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir.2002) has reconfirmed, "the evidence offered at trial proves facts materially different than those alleged in the indictment." But unlike a constructive amendment of an indictment, which always compels reversal, a "variance requires reversal only if it prejudices a defendant's substantial rights" (*id.*). In turn, such prejudice may occur when the defendant had "an inadequate opportunity to prepare a defense and exposure to unanticipated evidence at trial" (*United*

---

* The Honorable Milton I. Shadur, Senior United States District Judge, Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v. Morse,* 785 F.2d 771, 775 (9th Cir.1986)).

Here Ubah seeks to focus on alleged discrepancies between Paragraph Four of Count One of the superseding indictment and the facts and arguments presented by the government at trial. But our analysis confirms that no prejudicial variance occurred between the allegations of the superseding indictment and the evidence and argument offered by the prosecution at trial.

We need not parse in detail the contentions advanced by Ubah and the responses by the government, all of which we have considered in full. Suffice it to say in sum that it would unduly strain the concept of variance to view the evidence adduced at trial as materially different from the indictment's factual allegations. But even were that not so, Ubah would also clearly fail the prejudice requirement as articulated in cases such as *Morse.*

### Credit Card Counts

Additionally Ubah argues (1) that the credit card convictions should be overturned because of insufficient evidence and (2) that two of the credit card counts were multiplicitous. Any credit card fraud conviction requires proof beyond a reasonable doubt (1) that Ubah knowingly used "one or more unauthorized access devices during a one-year period," (2) that in doing so he obtained things of value totaling at least $1,000 during that period, (3) that he acted with intent to defraud and (4) that his conduct in some way affected interstate commerce (18 U.S.C. § 1029(a)(2)).

■ As for Ubah's objections to the sufficiency of evidence, he faces the almost insurmountable hurdle erected by the seminal opinion in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citation omitted and emphasis in original):

Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

In this instance the circumstantial evidence was extraordinarily powerful, and none of Ubah's contentions—either singly or collectively—successfully impugns the jury's resolution of the charges as demonstrating his guilt by the required standard of proof.

■ Ubah also challenges Counts Two and Three as multiplicitous because they charged Ubah with the use of two Bank One credit cards in the name of the same individual, Gary Wilson, within a one-year period. Ubah argues that those allegations establish only one offense under Section 1029(a)(2)(which speaks of "one or more unauthorized access devices") and should therefore be consolidated to a single offense.

But Fed.R.Crim.P. ("Rule") 12(b)(2) requires a defendant to raise "prior to trial" any objections "based on defects in the indictment," and Rule 12(f) provides that failure to raise such objections "shall constitute waiver thereof." Ubah failed to make any objection of claimed multiplicity before trial, bringing Rule 12(f)'s waiver provision into play (*United States v. Kling-*

*er,* 128 F.3d 705, 708 (9th Cir.1998)). This claim too is rejected.

*Ineffective Assistance of Counsel Claim*

Finally, Ubah asserts that his trial counsel acted ineffectively by (1) failing to request an eyewitness jury instruction even though the lawyer had told the jury that they would hear such an instruction and (2) failing to make any argument on the credit card counts during the closing argument. Although ineffective assistance claims should normally be raised under 28 U.S.C. § 2255, they may be addressed on direct review "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel" (*United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000)(internal quotation marks and citation omitted)).

█ Here we find the record on appeal insufficient to permit full review and determination of the issues, and the second quoted conclusion cannot be reached on the record before us. We therefore decline to consider Ubah's ineffective assistance claims, which he remains free to raise in a collateral proceeding on a full record.

AFFIRMED.